Filed 4/21/14  P. v. Scott CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040175 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC122246) |
| v. | |
| DANE MYRON SCOTT, | |
| Defendant and Appellant. | |

On April 18, 2002, appellant Dane Myron Scott was sentenced in Santa Clara Superior Court to four consecutive terms of 25 years to life.  On Oct. 20, 2004, this court affirmed the conviction and sentence as modified.[1]  On August 20, 2013, appellant filed a "Verified Petition for Enforcement of the Contract between the Parties in the Nature of a Motion to Vacate Judgment Based on the Prosecution's Agreement that the Judgment is: 1) Setoff, Settled & Closed, and 2) Void Ab Initio 'moving' the Court for an Order discharging the judgment in this matter pursuant to the agreement between the parties that the replacement GSA bonds have discharged the liability in this matter, and further, that the judgment was void from the beginning."  The petition sought to enforce a "private contract" with District Attorney Jeff Rosen.  The petition also claimed that the trial court lacks subject matter jurisdiction because, "the court sells bonds in the

---

[1] On its own motion, the court takes judicial notice of our opinion in the appellant's prior appeal.  (*People v. Scott* (Oct. 20, 2004, H024429) [nonpub. opn.].)

defendant's name," and, therefore, has a conflict of interest, "making the entire judgment void." On August 20, 2013 and September 4, 2013, the trial court denied all of the relief requested. Thereafter, appellant filed a timely notice of appeal.

On appeal, we appointed counsel to represent defendant in this court. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief states the case and the facts but raises no specific issues. *Wende* review is only available in a first appeal of right from a judgment of conviction. (*People v. Serrano,* (2012) 211 Cal.App.4th 496, 501 (*Serrano*).) Because appellant's appeal is from an order after judgment, and not a first appeal of right, he is not entitled to *Wende* review. (*Ibid.*) Therefore, we will proceed with this appeal pursuant to the standard we enunciated in *Serrano*.

Pursuant to *Serrano,* on December 11, 2013, we notified appellant of his right to submit written argument in his own behalf within 30 days.[2] On March 10, 2014, we received a document from appellant entitled, "Notice & Demand for Mandatory Administrative Notice of Appellants [*sic*] Declaration of Facts/Statement of Grievances Pursuant to the First Ammendment [*sic*] to the Constitution of the United States of America." The document includes a declaration from "Dane Myron, of the family Scott, as the sole beneficiary of the defendant DANE MYRON SCOTT, appearing Specially and not generally, merely for the purpose to give ADMINISTRATIVE NOTICE to this Court of Appeal . . . ." By his own admission, the attached declaration and "Statement of Grievances" was never presented to the trial court. Therefore, it is not part of the record on appeal, and we decline to consider this new evidence. Even if we did consider the "Declaration and Statement of Grievances," nothing in appellant's filing suggests that

---

[2] The December 11, 2013 letter also notified counsel and appellant of our intent to proceed pursuant to *Serrano*. Neither counsel nor appellant objected to the application of *Serrano.*

there is an arguable issue on appeal from the order denying his petition.  Therefore, we decline to retain the appeal.

The appellant having failed to raise any arguable issue on appeal, we must dismiss the appeal.  (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

**DISPOSITION**

The appeal is dismissed.


_____
                                RUSHING, P.J.



WE CONCUR:




_____
        PREMO, J.




_____
        ELIA, J.


3